## Case No. 11,534.

### RAILROAD CO. v. NEAL.

[1 Woods, 353.] [1]

Circuit Court, E. D. Texas. May Term, 1870.

EQUITY—RELIEF AGAINST JUDGMENT—WHEN GRANTED.

1. Courts of equity will not grant relief against a judgment at law except when the injured party has had a verdict or judgment rendered against him in consequence of accident or mistake or fraud of the other party without any fault of his own, and has no remedy, or has without fault lost his remedy at law.

[Cited in Crim v. Handley, 94 U. S. 658.]

2. Where a motion had been made on the law side of the court to set aside a verdict and judgment and grant a new trial, and had been overruled; upon a bill in equity filed for relief against the judgment, on the ground that it was unjust, and there was a good defense, that the defendant in the case at law had been surprised on the trial, and that he did not have a full and fair hearing on the motion for a new trial in consequence of the indisposition of his counsel, this court sitting in equity refused the relief and dismissed the bill.

[Cited in U. S. v. Throckmorton, 98 U. S. 68; Brooks v. O'Hara, 8 Fed. 534.]

In equity. The cause was submitted for final decree upon the pleadings and evidence.

F. H. Merriman, T. N. Waul, Leslie A. Thompson, and Geo. Goldthwaite, for complainant.

F. M. Spencer and W. M. Stewart, for defendant.

BRADLEY, Circuit Justice. This is a suit in equity brought for an injunction to stay proceedings on a judgment at law, obtained in this court by default, and for a trial on the merits of the case. In ancient times, courts of equity very freely entertained jurisdiction of bills to stay proceedings at law for the purpose of giving to parties the benefit of a new trial, or the benefit of a trial where none had been had, when it appeared that injustice would be done if the relief prayed for were not granted. Such bills were called bills for new trial. This jurisdiction was assumed principally on the ground that there was no remedy at law. For, until the middle of the seventeenth century, the courts of law did not grant new trials for matter dehors the record. Since that period, however, they have gradually assumed jurisdiction of such cases, and for nearly a century past, have granted new trials and opened judgments in all cases where justice required, and where they were not restrained by some statutory or technical rule. The establishment of a legal remedy has led to the disuse of the equitable one, except in cases of a peculiarly equitable character, as where the injured party has had a verdict or judgment rendered against him in consequence of accident or mistake or fraud of the other party, without any fault of his own and has no remedy, or has without his fault

lost his remedy at law. This restriction of the equitable remedy has obtained in England and most of the American states; although the more liberal relief is still accorded in Kentucky, and perhaps one or two other exceptional jurisdictions. The courts of the United States, however, adhere to the rule adopted in England and in most of the equity courts of this country.

Mr. Justice Story, in his Commentaries on Equity Jurisprudence, § 887, thus describes the jurisdiction as at present exercised: "In regard to injunctions after a judgment at law," says he, "it may be stated, as a general principle, that any facts which prove it to be against conscience to execute such judgment, and of which the injured party could not have availed himself in a court of law, or of which he might have availed himself at law, but was prevented by fraud or accident, unmixed with any fault or negligence in himself or his agents, will authorize a court of equity to interfere by injunction to restrain the adverse party from availing himself of such judgment. Bills of this sort are usually called bills for a new trial." In subsequent sections he states more fully some of the qualifications under which relief will, in any case, be granted. Thus, equity will not interfere upon a defense equally available at law. Section 894. Nor upon a defense which has been fully tried at law. Id. Nor if the complainant himself has been guilty of laches in bringing forward his defense. Section 895. Nor where he has neglected to apply for a new trial within the time appointed by the rules of the proper court of law. Id. A case came before Lord Redesdale, in which a verdict had been rendered against the plaintiff, and he had applied for a new trial, which was refused for defect of notice of the motion; and thereupon the plaintiff filed a bill in equity. Lord Redesdale said that if the party had not brought evidence which was in his power, or had neglected to apply in time for a new trial, he could not interfere. "I do not know," said his lordship, "that equity ever does interfere to grant a trial of a matter which has already been discussed in a court of law, a matter capable of being discussed there, and over which the court of law had full jurisdiction." Bateman v. Willoe, 1 Schoales & L. 201.

Chancellor Kent, in a case where a court of law had refused to set off one judgment against another, refused to entertain a bill for that purpose, saying: "The plaintiff elected to seek relief in the mayor's court, upon the very point now raised by the bill. He had his choice whether to apply to that court or to this in the first instance. It is res adjudicata." Again: "The settled doctrine of the court of chancery is, not to relieve against a judgment at law on the ground of its being contrary to equity, unless the defendant below was ignorant of the fact in question pending the suit, or it could not have been received as a defense." Simpson v. Hart, 1 Johns. Ch. 91.

---

[1] [Reported by Hon. William B. Woods, Circuit Judge, and here reprinted by permission.]

The principles announced by these eminent jurists have been expressly adopted by the supreme court. In the case of Hendrickson v. Hinckley, 17 How. [58 U. S.] 445, the court say: "A court of equity does not interfere with judgments at law, unless the complainant has an equitable defense of which he could not avail himself at law. because it did not amount to a legal defense, or had a good defense at law, which he was prevented from availing himself of by fraud or accident, unmixed with negligence of himself or his agents."

These principles will enable us to decide the case before us without much difficulty. It is undoubtedly a case of hardship, and requires on the part of the court a firm adherence to the principles there propounded, in order not to be led astray. It quite clearly appears, that the defendant, having sustained an injury by a fall from one of the complainants' cars, went voluntarily to the complainants' office, and whilst claiming from them nothing by way of damages as a matter of right asked for a donation to enable him to get to a hospital, and on receiving $50, signed a receipt in full of all claims and demands against the complainants, which they still hold. Immediately after this he sued the complainants in the state district court, and laid his damages at $15,000. Discontinuing this suit, he brought another suit in this court for $50,000, and for default of a plea, obtained judgment and an inquest of damages to the amount of $22,000. The complainants allege that the judgment was rendered against them in consequence of a misapprehension and a mistake on the part of their counsel, and was a complete surprise upon them after they had taken every reasonable precaution for putting in their defense. If this is true (and the proofs serve to establish its truth), the complainants ought undoubtedly to have had a trial, and a suspension or opening of the judgment for that purpose. But this ground for suspending or opening the judgment and awarding a trial was one of which the complainants could have availed themselves by motion, on the law side of the court where the action was brought and the judgment was rendered. And the court ought not to entertain a bill in equity where there was a full and adequate remedy at law. Had the complainants lost their remedy at law by lapse of time, or otherwise without their fault; for example, had the original mistake or misapprehension continued without notice of the judgment until the expiration of the term; or, had the defendant or his attorney, by his conduct, misled the complainants until the time for making a motion had passed; then the want of a remedy at law would have furnished the court good ground for entertaining a bill in equity. But so far from this being the case, the complainants (or their attorneys) not only became aware of the judgment almost immediately after it was rendered, and during the same term, but on the second day thereafter, to wit,

on the 17th of July, 1869, actually entered a motion to open the judgment and award a trial. This motion was heard on affidavits on the 24th of the same month, and substantially the same grounds were urged in favor of the application as are now urged on this hearing, namely, the existence of a good defense, of which the complainants had written evidence, signed by the defendant himself, and their being prevented from making said defense by the misapprehension and mistake of the complainants' counsel. The court, after full argument, denied the motion. If I should now hear the case again on this bill in equity, it would be, in effect to entertain an appeal from that decision, a thing entirely inadmissible.

It is said that the receipt itself was not exhibited to the court, although its existence was proved and relied on; and that the complainants were surprised by the defendant's denying its existence, and by the decision of the court in relation thereto. All this. may be true, but is not to the purpose. Having presented the issue, it was the duty of the complainants to prove it to the satisfaction of the court, or accept the consequences. It is also said that the complainants did not have a full and fair hearing on the motion, because of the indisposition of their counsel. A postponement of the hearing for this cause, had it been applied for and warranted by the facts, would undoubtedly have been ordered by the court; but, at all events, it was a matter within the exclusive cognizance and discretion of the court sitting as a court of law on that hearing, and cannot be laid as the ground of a decree on this bill. The sympathies of the court, if proper to be indulged, might lead it to afford the complainants relief if it could be done without violating those necessary rules which have been prescribed by public policy for the purpose of setting a limit to litigation. But it is "a common maxim that courts of equity, as well as courts of law, require due and reasonable diligence from all parties in suits. and that it is sound policy to suppress multiplicity of suits." 2 Story, Eq. Jur. § 896.

In the language of Lord Redesdale, in the case already cited, "It is not sufficient to show that injustice has been done, but that it has been done under circumstances which authorize the court to interfere. Because, if a matter has been already investigated in a court of justice, according to the common and ordinary rules of investigation, a court of equity cannot take on itself to enter into it again. Rules are established, some by the legislature, some by the courts themselves, for the purpose of putting an end to litigation." Bateman v. Willoe, supra.

It is suggested by the complainants' counsel, however, that this is not to be regarded as a suit in equity. but simply as a petition for a new trial, addressed to the law side of the court. To take this view, it seems to me, we must confound all distinctions of procedure. In the first place, the whole form of the

proceeding is that of a suit in equity, and it has been treated as such by the parties. And, in the next place, a petition for a new trial being, in effect, nothing but a motion for a new trial, will not be entertained or heard after a similar motion has already been made and decided, except upon express application to the court for that purpose. To renew a motion ex mero motu of the party, after it has been solemnly decided against him, would be the veriest trifling with the court.

The bill must be dismissed with costs.

———

RAILROAD CO. (WILSON v.). See Case No. 17,856.

RAILROAD CO (WILTON v.). See Case No. 17,856.

RAILROADS. The (STIMPSON v.). See Case No. 13,456.

RAILROADS. The (WILTON v.). See Case No. 17,857.

RAILWAY CO. (BEALE v.). See Case No. 1,159.

RAILWAY PASS. ASSUR. CO. (RIPLEY v.). See Case No. 11,854.

RAILWAY PASS. ASSUR. CO. (SAWTELLE v.). See Case No. 12,392.

RAILWAY PASS. ASSUR. CO. (SOUTHARD v.). See Case No. 13,182.