SAMUEL STALNAKER, PLAINTIFF IN ERROR, v. JOHN MORRISON, DEFENDANT IN ERROR.

1. **Public lands of the United States.** The even numbered sections along the line of the Union Pacific R. R. and its branches may be settled upon and entered under the provisions of the pre-emption and homestead laws, but are not subject to private entry.

2. ———. U. P. R. R.: B. & M. R. R. The B. & M. R. R. extension is one of the branches of the Union Pacific R. R. and the lands within the limits of the grant to that corporation are not subject to private entry.

3. ———: PRE-EMPTION. It is only in cases where lands are subject to private entry *at the date of settlement* that a pre-emptor must make proof and payment within a year from the date of settlement.

4. ———: ———. When lands have been offered at public sale, and thereby become subject to private entry, if they are afterwards included within the boundaries of a grant to a railroad company,

and are thereby withdrawn from private entry, and subject to settlement and entry under the pre-emption and homestead laws exclusively, they are to be treated in all respects like unoffered lands.

5. ————: ————. A party pre-empting any portion of such lands has thirty months after the date of filing his declaratory statement, in which to make final proof and pay for the same.

6. ————: ————. The object of the guards thrown around the privilege of pre-emption by the law, is to secure on the public lands actual permanent settlers.

7. **Equity jurisdiction.** The jurisdiction of a court of equity to determine the rights of parties in case of conflicting claims to a tract of land is undoubted.

8. **Ejectment.** DEFENSES. Under the code, an equitable defense may be set up in an action of ejectment.

ERROR from the district court of Lancaster county, to which the cause was taken by change of venue from Cass county. Tried below before POUND, J. The facts are stated in the opinion.

*Cobb, Marquett & Moore*, for plaintiff in error, cited Sec. 15, Statutes at Large, 39, Chap. XX. Rev. Stat., U. S., 418. Sec's. 2,264—2,267. *Johnson v. Towsley*, 13 Wall., 72. *Shepley v. Cowan*, 91 U. S. 330.

*Lamb, Billingsley & Lambertson*, for defendant in error, cited Lester's Land Laws vol. 1, pages 34, 48 234, 278. Act July 7, 1870, U. S. Statutes at Large, 188.

MAXWELL, J.

On the eighteenth day of January, 1871, the plaintiff in error settled upon a tract of land in Cass county, belonging to the United States, and on the sixteenth day of February following filed with the register of the proper land office his declaratory statement of his intention to pre-empt the same. The tract of land in question

was within the grant of land from the United States to the B. & M. R. R. Co., and had been offered at public sale prior to the passage of the act making the grant aforesaid, but at the date of said settlement and of filing the declaratory statement it was not subject to private entry. The plaintiff, from the time of settlement until now, has resided upon and cultivated said land, and has made valuable improvements thereon. It appears from the record that the plaintiff did not make the proof required as to qualification, settlement, and cultivation, until about the first day of June, 1872, at which time he appeared at the proper land office with his witnesses and offered to prove all the facts necessary to entitle him to enter said land, and offered to pay the sum of money required to enter the same, but the register and receiver refused to permit him to enter said land, holding that by reason of his failure to prove up within one year from the date of settlement he had forfeited the same. The defendant in error now holds the legal title to the land, and in an action of ejectment recovered judgment against the plaintiff in error for the possession thereof, to reverse which the plaintiff brings the case into this court by petition in error.

Section 2264 of the Revised Statutes of the United States provides that: "When any person settles or improves a tract of land, *subject at the time of settlement to private entry,* and intends to purchase the same under the preceding provisions of this chapter, he shall, within thirty days after the date of such settlement, file with the register of the proper district a written statement describing the land settled upon, and declaring his intention to claim the same under the pre-emption laws; and he shall moreover within twelve months after the date of such settlement make the proof, affidavit, and payment herein before required."

Sections 2265 and 2266 require the claimant to file

his application within three months from the date of settlement.

Section 2267 provides that: "All claimants of preemption rights under the two preceding sections shall, when no shorter period is prescribed by law, make the proper proof and payment for the land claimed within thirty months after the date prescribed therein respectively for filing their declaratory notices has expired."

On the sixth day of March, 1868, Congress passed an act providing that "nothing in the act approved July 1, 1862, entitled, 'An act to aid in the construction of a railroad and telegraph line from the Missouri river to the Pacific ocean, and to secure the government the use of the same for postal, military, and other purposes,' and the acts amendatory thereof, shall be held to authorize the withdrawal or exclusion from settlement and entry, *under the provisions of the pre-emption or homestead laws*, the even-numbered sections along the routes of the several roads therein mentioned which have been or may be hereafter located; *provided*, That such sections shall be rated at two dollars and fifty cents per acre, *and subject only to entry under those laws;* and the secretary of the interior be, and he is hereby authorized and directed to restore to homestead settlement, pre-emption, or entry, according to existing laws, all the even-numbered sections of land belonging to the government, and now withdrawn from market, on both sides of the Pacific Railroad and branches, wherever said road and branches have been definitely located."

The B. & M. R. R. extension is one of the branches referred to in the above act, and the lands within the limits of the grant belonging to the United States are not subject to private entry, and were not at the time the plaintiff settled upon the land in dispute. It is only in cases where lands are subject to private entry *at the date of settlement* that payment must be made within a year.

This provision was incorporated into the pre-emption law of September 4, 1841, and although section ten of that act provided that no sections of land reserved to the United States alternate to any other sections granted to any of the states for the construction of any canal, railroad, or other public improvement, should be liable to entry under the provisions of that act, yet afterwards, when this restriction was removed, and lands within the grant were thrown open to settlement under the pre-emption laws, but were not subject to private entry, they are to be treated in the same manner as unoffered lands, and a party pre-empting any portion of the same has thirty months after the date of filing his declaratory statement in which to make final proof and pay for the land.

In *Towsley v. Johnson*, 1 Neb., 95, this court say: "The object of the guards thrown around the privilege of pre-emption by the law is to secure on the public lands actual, permanent settlers." The plaintiff in this case is shown to be an actual, permanent settler, who went upon the land in question for the purpose of cultivating the same and making his home thereon. Can the same be said of the defendant? Has there ever been an actual *bona fide* attempt even, by him, to make an actual settlement on the lands in question? If so, the record fails to disclose it.

The claim of danger, in a peaceable law abiding community, evidently afforded a convenient pretext for not residing on the land, but is not entitled to much consideration. The equities of the case are clearly with the plaintiff. The jurisdiction of a court of equity is undoubted to determine the rights of the parties. *Johnson v. Towsley*, 13 Wall, 73. 1 Neb., 95. And under the code, an equitable defense may be set up in an action of ejectment.

The judgment of the district court is reversed,

and judgment is entered in favor of the plaintiff —the plaintiff to pay to the clerk of this court for the defendant, within ninety days, the amount paid by him for entering said land, with interest to the date of payment, and that thereupon the defendant shall convey the legal title to the plaintiff.

JUDGMENT ACCORDINGLY.