FRANCIS G. STARK, APPELLANT, v. EDGAR A. BALDWIN, APPELLEE.

1.  **Public Lands of the United States:** PRE-EMPTION. Where it is sought to deprive a party of his right to pre-empt lands belonging to the United States, upon the ground that he is disqualified, by reason of a former filing upon entered lands, from availing himself of the benefits of the act of September 4, 1841, the burden of proof is on the party asserting such disqualification, and he must establish, by clear and satisfactory evidence, the fact that the party seeking to pre-empt has previously filed his declaratory statement upon lands subject at the time to private entry.

2.  ———: GRANT TO B. & M. R. R. Lands within the B. & M. R. R. grant are not subject to private entry, and in regard to settlement and entry under the homestead and pre-emption laws are to be regarded as unoffered lands.

3.  ———: PRIORITY OF SETTLEMENT. Other things being equal, priority of settlement determines the rights of parties in cases arising under the homestead and pre-emption laws.

4.  ———: ———. Where the party making the prior settlement has in all respects complied with the law, he is entitled to the lands without regard to anything which a party making a later settlement thereon may have done.

APPEAL from the district court for Lancaster county. Tried below before POUND, J., who found upon the issues joined in favor of the defendant. The opinion states the case.

*W. F. Chapin, J. M. Robinson,* and *G. W. Lowley,* for appellant.

1. The secretary of the interior decided against Starks for the simple reason that he had previously, as was claimed by said secretary, had a filing on lands subject to private entry, and that filing prevented him from making any other valid filing on lands which were not subject to private entry. The land in controversy, though once offered and subject to private entry, became,

by the withdrawal for railroad purposes, unoffered or not subject to private entry; it was also taken out of the class of lands subject to private entry by having been covered by a homestead entry. *Stalnaker v. Morrison,* 6 Neb., 362. 2 *Lester,* p. 129, sec. 19, p. 238 and 239, p. 259, sec. 6.

2. The decision of the land department that Starks had a previous filing, and for that reason was not a qualified pre-emptor, is not conclusive, but may be examined, reviewed, and passed upon by this court. *Smiley v. Sampson,* 1 Neb., 70 and 74. *Shepley v. Cowan,* 1 Otto, 330.

*Cobb & Marquett,* for appellee.

MAXWELL, J.

On the thirteenth day of June, 1864, the plaintiff entered as a homestead the north-west quarter of the north-east quarter, and the north half of the north-west quarter of section 19, in township 10, range 7 east of the sixth principal meridian, in Lancaster county, the land being within the grant to the B. & M. R. R. Co. Afterwards, apparently being under the impression that he could not perfect his title to the same, he sold his claim for a trifling sum, and removed from the land. The party to whom he sold the claim appears to have been unable to enter the land, and in the year 1867 the plaintiff again removed on to the land in controversy, erected a dwelling house thereon, and has continued to reside on said land until the present time.

On the seventeenth day of June, 1870, the plaintiff tendered to the register of the proper land office his declaratory statement of his intention to pre-empt said land, under the provisions of the act of September 4, 1841, and offered the necessary proof to entitle him to pre-empt the same, together with the amount of money

required in payment therefor. His right to make the pre-emption was rejected upon the ground that the land had reverted to the B. & M. R. R. Co.

On the twenty-eighth day of April, 1871, the Secretary of the Interior decided that lands, situated like those in controversy, reverted to the United States, and not to the railroad company, and on the tenth day of June, 1871, the plaintiff again appeared before the officers of the proper land office, and " offered to prove up and pay for said land."

On the twenty-third day of August, 1870, Charles E. Van Pelt settled upon said land, and tendered to the receiver of the proper land office his declaratory statement of his intention to pre-empt the same. The statement was refused upon the ground that the land had reverted to the railroad company. Afterwards, on the tenth day of June, 1871, Van Pelt obtained a soldier's homestead on said land, and twelve days thereafter he pre-empted the same, dating his settlement June 20, 1870.

The plaintiff contested the right of Van Pelt to enter said land, and the case was finally decided against the plaintiff, and in favor of Van Pelt, by the Secretary of the Interior.

On the twenty-third day of June, 1873, Van Pelt and wife conveyed the land in controversy to the defendant herein.

In the year 1874, the defendant commenced an action of ejectment against the plaintiff, to oust him from said premises.

This is a suit in equity to restrain the defendant from prosecuting said action, and to require him to convey the legal title to said land to the plaintiff.

The case appears to have been decided against the plaintiff herein by the Secretary of the Interior, upon the ground that he had previously filed upon lands subject to private entry.

From a careful inspection of the record in the case, we are of the opinion that the testimony entirely fails to establish the fact. The plaintiff and two other witnesses deny positively that he made the filing, said to have been made by him in Dodge county about the year 1860.

Where it is sought to deprive a party of his right to pre-empt lands belonging to the United States, upon the ground that he is disqualified by reason of a former filing from availing himself of the benefits of the act of September 4, 1841, the burden of proof is on the party asserting the disqualification. And he must establish, by clear and satisfactory evidence, the fact that the party seeking to pre-empt has previously filed his declaratory statement upon land subject at the time to private entry.

The lands in controversy, being within the railroad grant, were not subject to private entry, and in regard to settlement and entry were to be regarded as unoffered lands. See *Stalnaker v. Morrison*, 6 Neb., 363.

The plaintiff made an application to file his declaratory statement of his intention to pre-empt said lands in June, 1870. His claim was rejected upon the sole ground that the lands belonged to the railroad company. Afterwards the Secretary of the Interior having decided that the lands in question had reverted to the United States, and were open to settlement under the homestead and pre-emption laws, the plaintiff, who had continued to reside thereon, endeavored to renew his filing, and to enter said land under the pre-emption laws. The application was refused and the right of pre-emption denied.

That the plaintiff settled upon the lands in controversy before Van Pelt, and was actually residing thereon with his family at the date of Van Pelt's settlement, there is no question. Therefore, if he has in all respects complied with the law, he is entitled to the land without

regard to anything which Van Pelt or defendant may have done.

Other things being equal, *priority* of settlement determines the rights of the parties in cases arising under the pre-emption law. *Towsley v. Johnson*, 1 Neb., 100.

As in our opinion the plaintiff conformed to the requirements of the pre-emption law, he has the equitable title to the lands in controversy. It follows that the judgment of the district court must be reversed, and a proper decree is entered in this court in favor of the plaintiff. The plaintiff to pay to the clerk of this court, within ninety days, the amount paid by Van Pelt for entering said land, together with the fees for entering the same, and interest on said sums to the date of payment. The money to be paid to the defendant, who shall thereupon convey the legal title to said lands to the plaintiff.

DECREE ACCORDINGLY.