## BALDWIN *v.* STARK.

1. This court has jurisdiction to re-examine the judgment of the Supreme Court of a State, rendered adversely to the right and title which a party to the suit specially sets up to land under a patent issued by the United States to another under whom he claims.

2. Where the Land Department rejected the claim of a party to pre-empt a tract of public land, it appearing from the evidence submitted that he had previously exercised the "pre-emptive right," — *Held*, that the finding of that fact by the department is conclusive.

3. A person is not entitled, under existing statutes, to more than one such "pre-emptive right," nor, after filing a declaratory statement for one tract, can he file such a statement for another tract.

ERROR to the Supreme Court of the State of Nebraska.
The case is stated in the opinion of the court.

*Mr. G. M. Lambertson* for the plaintiffs in error.

*Mr. Samuel Shellabarger* and *Mr. Jeremiah M. Wilson* for the defendant in error.

MR. JUSTICE MILLER delivered the opinion of the court.

This is a writ of error to the Supreme Court of the State of Nebraska, and the jurisdiction of this court is questioned.

The substance of the original bill in the State court is, that in a contest for the right to enter a tract of land between Stark and Van Pelt, before the Land Department, the Secretary of the Interior erroneously decided in favor of Van Pelt, to whom a patent was issued ; and the prayer of the bill is that Baldwin, who holds under Van Pelt, shall be decreed to hold the title in trust for Stark, and convey it to him, and be enjoined from further prosecuting an action of ejectment against plaintiff, which he has commenced for the land in controversy. That the decree which granted this relief denied to the plaintiffs in error the right which they asserted under the patent from the United States, and was a decision against the title so asserted, and is therefore within sect. 709 of the Revised Statutes, is too well settled by numerous similar cases decided in this court to admit of further question. *Johnson* v. *Towsley,* 13 Wall. 72 ; *Marquez* v. *Frisbie,* 101 U. S. 473 ; *Morrison* v. *Stalnaker,* 104 id. 213.

The case was tried in the State court upon the record of the proceedings before the land-office, including the evidence on which the patent was issued to Van Pelt in the contest between him and Stark, with a stipulation involving a few other unimportant matters.

That record shows that upon all the questions involved the department decided in favor of Stark, except one, which was that he was disqualified to make the pre-emption claim he was then prosecuting by reason of having previously exercised that right in regard to other lands.

Whether he had thus made a filing of a former declaratory statement was a question of fact much contested before the department, in regard to which Stark himself was sworn, as were also several other witnesses, and the record of the alleged filing was also produced. On all this evidence the Commis-

sioner of the General Land-Office decided that he *had* filed the previous declaration, and was, therefore, disqualified as a pre-emptor of the land now in controversy  On appeal to the Secretary of the Interior, this decision was affirmed, and Stark's claim was rejected and Van Pelt's allowed, and the patent issued to him.

The Supreme Court of Nebraska holds that the Land Department decided this question of fact erroneously, and that Stark never filed or made the former declaratory statement, that he was a qualified pre-emptor for the land patented to Van Pelt, and decrees a conveyance to him by Baldwin of the legal title vested by the patent.  *Stark* v. *Baldwin,* 7 Neb. 114.

It has been so repeatedly decided in this court, in cases of this character, that the Land Department is a tribunal appointed by Congress to decide questions like this, and when finally decided by the officers of that department the decision is conclusive everywhere else as regards all questions of fact, that it is useless to consider the point further.  Where fraud or imposition has been practised on the party interested, or on the officers of the law, or where these latter have clearly mistaken the law of the case as applicable to the facts, courts of equity may give relief; but they are not authorized to re-examine into a mere question of fact dependent on conflicting evidence, and to review the weight which those officers attached to such evidence.  *Johnson* v. *Towsley,* 13 Wall. 72; *Gibson* v. *Chouteau,* id. 92; *Shepley* v. *Cowan,* 91 U. S. 330; *Marquez* v. *Frisbie,* 101 id. 473.

The case before us is a simple re-examination by the Supreme Court of Nebraska of the evidence on which the Commissioner of the Land-Office and the Secretary of the Interior decided that Stark had made a prior declaratory statement for the pre-emption of other land, and a reversal of that decision.

It is urged upon us that a written stipulation in the case describing what evidence shall be introduced, and the right to file written arguments, and that neither party shall be prejudiced by any defect in the pleadings, but that the case shall be decided on its merits, is a waiver of this point.

But Van Pelt, the real party in interest, became a party to the suit, in a court below, six months after this stipulation was

made between the counsel of Baldwin and of Stark, and is not bound by it. It would be strange, also, if in a case like this the right of the party to question the equitable jurisdiction of the court on the facts found did not belong to the merits of the case.

Some attempt is made to show that, under the decision of this court in *Johnson* v. *Towsley*, the objection to a double pre-emption does not apply except where the land is subject to entry by purchase. But the court was there speaking of the effect of such former filing of a declaration of intention under the act of 1841 on the rights afterwards asserted under the act of 1843. It is sufficient to say that both these acts, with all others on that subject, were consolidated in the Revised Statutes, and sect. 2261, which is a reproduction of the law in force when the rights of the parties here accrued, is positive that, when a party has filed his declaration of intention to claim the benefits of such provision (the right of pre-emption) for one tract of land, he shall not at any future time file a second declaration for another tract.

The decree of the Supreme Court of Nebraska must be reversed, and the cause remanded to that court, with directions to affirm the decree of the District Court for the County of Lancaster dismissing the bill; and it is

*So ordered.*