THAYER, Circuit Judge,
after stating the case as above, delivered the opinion of the court.
The bill shows affirmatively that on October 21, 1880, Roger 0. Evans filed a declaratory statement against the coal lands in controversy, under the provisions of sections 2347, 2348, and 2349 of the Revised Statutes of the United States; that Byron McMaster was permitted to make a subsequent cash entry of the same lands *429 on December 1, 1881; and that, in view of the conflicting claims thus created, a contest was inaugurated before the land department of the United States, which resulted in the cancellation of the entry made by McMaster, and in the issuance of a patent to Roger C. Evans. The allegations in the bill respecting these proceedings in the land department are very vague and unsatisfactory. The bill simply advises us that Evans filed an affidavit in the local land office at Leadville on June 27, 1892, charging that the entry by McMaster was not made for his own use, and that he (Evans) subsequently obtained a patent for the land in controversy. The further course of the proceeding before the land department, after the affidavit was filed, is not described with any detail or certainty, and but for a casual allusion, made in the brief of counsel for the appellant, to a decision rendered by the secretary of the interior, we should be in doubt whether the contest ever reached the secretary, or was terminated by the decision of some inferior officer of the land department. Enough appears, however, to justify us in presuming, as against the complainant company, that a contest was duly inaugurated by Evans against said company; that it had due notice of Evans’ claims, and opportunity to defend; that it did defend; that the contest ran its course in the prescribed way through the department until it reached the secretary of the interior; and that a patent was ultimately awarded to Evans. Viewed in this aspect, the case at bar is one in which the complainant seeks to set aside and, impeach the judgment of the land department; and the doctrine is too well settled to admit of any controversy that the decisions of that tribunal upon questions properly pending before it can only be annulled when such fraud or imposition is shown to have been practiced as prevented the unsuccessful party in a contest from fully presenting his case, or the officers composing the tribunal from fully considering it, or when such officers have themselves been guilty of fraudulent conduct, or when it is made to appear that, upon the case as established before the land department, the law applicable thereto was misconstrued or misapplied. If fraud is charged as a ground for annulling a decision of the land department, it is not enough that false testimony or forged documents have been employed; but it must be made to appear that such false testimony has affected the decision, and led to a result which otherwise would not have been reached. And inasmuch as the findings of the land department on questions of fact are conclusive, when the charge is that the land department has erred in the decision of a mixed question of law and fact, what the facts were, as laid before and found by the department, must be shown, so as to enable the court to see clearly that the law has been misconstrued.
These propositions have been so frequently stated and applied that it is hardly necessary to repeat them. Lee v. Johnson, 116 U. S. 48, 50, 6 Sup. Ct. 249; Quinby v. Gonlan, 104 U. S. 420, 426; Marquez v. Frisbie, 101 U. S. 473, 476; Vance v. Burbank, 101 U. S. 514, 519; Smelting Co. v. Kemp, 104 U. S. 636, 640; Moore v. Robbins, 96 U. S. 530; Shepley v. Cowan, 91 U. S. 330, 340; Johnson v. Towsley, 13 Wall. 72; Sanford v. Sanford, 139 U. S. 642, 11 *430 Sup. Ct. 666. Tested by these rules, we think the allegations of the bill were insufficient to warrant the reliei prayed for, and that the demurrer thereto was properly sustained. Inasmuch as no patent had been issued when the contest was inaugurated, the land department had power to cancel the entry of McMaster, and to determine which of the two entrymen had the superior right to the-land. The questions adjudicated, therefore, were within the jurisdiction of the land department, and its decision cannot be assailed for want of power to hear and decide the case. Mortgage Co. v. Hopper, 29 U. S. App. 12, 12 C. C. A. 293, and 64 Fed. 553, and cases-there cited. Turning, then, to the allegations of the bill which attempt to show that the decision-of the land department was procured by fraud and imposition, it will be observed that the only fraudulent acts alleged are that certain affidavits were filed in the land office by Evans and his associates, alleging that Evans had expended money in developing coal mines on the land in controversy; that he was in actual possession of the lands at the time; that he made-his alleged entry for his own use; and that all of such statements contained in the affidavits were false. Aside from a general allegation of conspiracy among the defendants to fraudulently and unlawfully obtain a patent for the lands in dispute, the foregoing are the only specific fraudulent acts which the bill charges or describes; but, obviously, the issues tendered by these affidavits were the very issues which the land department was appointed to try and determine, and they were each issues of fact, concerning which the-finding of the land department is final and conclusive, unless such-finding was induced by fraud. In the contest pending before the department, the complainant company had an opportunity to show, as it now contends, that all the aforesaid statements were false; and, within the doctrine above stated, it was its duty to have made such showing before the land department, and it will not be excused for failing to do so unless it alleges and proves that some trick, artifice, or deceit was practiced, which prevented it from obtaining a full and fair trial of the issues, or which prevented the officers of the land department from considering the same, and reaching a proper decision. It must be apparent, we think, from a careful reading of the complaint, that no such fraud is alleged, and that, if the circuit court had entered upon a hearing of the issues presented by the bill, it would simply have retried the very case which was tried by the land department.
The question whether the bill discloses that, upon the case as presented to the officers of the land department, those officers misconstrued or misapplied the law, remains to be noticed. A fundamental defect in the bill in this respect is that it fails to set out the evidence which was laid before the land department, or to state what the department found the material facts to be, in such a manner that the court can separate the department’s findings of fact from its conclusions of law, and see clearly wherein a mistake of law has been made. It is alleged in one paragraph of the bill “that there was no evidence before the said land department at said hearing or contest showing that the said entry of the said McMaster was *431 unlawful or invalid in any respect, and that there was no evidence in> said pretended contest upon which the said pretended entry of the said Evans should or could legally have been allowed.” These allegations, however, merely state the opinion of the pleader with reference to the evidence which was laid before the department, and’ for that reason they are merely conclusions of law. To enable a court to decide whether the conclusions so stated are right or wrong,, all the testimony with respect to which the aforesaid opinion is expressed should have been set out, inasmuch as the question whether there is any evidence tending to establish a given fact is a question of law, which can only be determined after all the testimony has been, considered and examined.
Our attention is also directed to other allegations of the bill, which charge, in substance, that, at the time of his entry on the lands in controversy, Evans had exhausted his power to take up coal lands-under the laws of the United States; that he completely abandoned all his right, title, and interest to the lands long prior to his pretended entry; and that he failed to show in his declaratory statement that he had discovered any coal on said lands, or had opened a mine-thereon. These allegations are made without any apparent reference to the contest before the land department, or to the evidence-with respect to such allegations which may have been laid before the department in the course of the contest, or to the findings of the-department with respect thereto. The allegations are made precisely as they might be if the issues tendered were open to consideration in-the case at bar, entirely unaffected by the findings and decision of the land department. This theory is erroneous. The contest having been tried and determined before a special tribunal constituted for that purpose, its judgment can only be overturned for errors of law, by showing that it misconstrued or misapplied the law applicable to the case made before the land department, and the bill of' complaint does not advise us what evidence was produced before the department relative to Evans’ qualifications to enter coal lands, or-relative to his acts of abandonment. This court cannot say that the law was misconstrued by the officers of the land department,, unless their findings upon questions of fact are disclosed, or enough-undisputed facts are disclosed, which were proven before the department, to make it plain that an error of law was committed, and that the complainant company was therebv deprived of its rights. Marquez v. Frisbie, 101 U. S. 473, 476; Sanford v. Sanford, 139 U. S. 642, 647, 11 Sup. Ct. 666. No decision by the land department would have any weight, or afford any protection to a successful litigant in that department, if, without any statement of what the facts: were as presented to the department, the whole controversy could' be opened in the courts by general allegations, such as are found in the present bill, that the successful litigant had exhausted his-right to enter land, or was otherwise disqualified, or had abandoned his entry. These are matters which were properly cognizable before the land department when the contest was pending. The presumption is that all such questions were brought to the attention of the department, and were duly considered and properly decided. The- *432 burden was on the complainant, therefore, when it sought to reopen the controversy for errors of law, to show what the facts were before the land department to which the law was applied. We are forced to conclude that, by the averments of the present bill, this burden was not successfully discharged.
It is insisted, however, that the bill states a cause of action, and sufficiently shows an error of law, such as invalidates the decision of the land department, within the ruling made in the case of Sanford v. Sanford, supra. This position, we think, is untenable. In the case referred to, which was a suit to enjoin an action of ejectment brought by the' holder of a patent, the proceedings before the land department in which the patent had been obtained showed beyond controversy that the patentee had been allowed to file a second declaratory statement against certain land, which was not embraced in his first pre-emption claim, while he continued to hold and occupy the land that he had originally entered. The court held that the filing of such second pre-emption claim was expressly prohibited by section 2261 of the Revised Statutes of the United States, and that it clearly appeared that the land department had misconstrued the law, and deprived the plaintiff of his rights, by permitting such second filing to be made, and in issuing a patent thereon. It was on this ground alone that relief was afforded to the plaintiff against the action of the land department. We fail to see that the decision in question lends any support to the complaint which was filed in the case at bar.
It is finally contended that the action of the land department in canceling the McMaster entry, and in granting the patent to Evans, was void, because the bill shows that no notice of the contest which was inaugurated by Evans was given either to McMaster, or Bell, or to Bell’s lessee. It is worthy of comment that the bill contains no direct averment that the complainant company had notice of the contest, but, in view of its failure to allege that no such notice was given, it must be presumed that it was duly notified of the proceedings in question; that it took an active part therein; that it had full opportunity to assert before the land department all the defenses against the Evans entry which it now makes; and that it was eventually defeated. Under these circumstances, we are of opinion that the action of the land department in canceling the McMaster entry is binding upon the complainant, unless such action is successfully assailed for fraud or mistake of law, notwithstanding the fact that its predecessors in interest, who had parted with all of their title to the land in dispute, were not notified of the pending controversy. It results from these views that the demurrer to the bill was properly sustained, and the decree of the circuit court is therefore affirmed.