### MILLER et al. v. MARGERIE.

(Circuit Court of Appeals, Ninth Circuit. January 7, 1907.)

#### No. 1,311.

1. PUBLIC LANDS—ALASKA TOWN SITES—DECISION OF TRUSTEE—CONCLUSIVENESS.

Under Act Cong. March 3, 1891, c. 561, 26 Stat. 1099 [U. S. Comp. St. 1901, p. 1467], providing for the disposition of town site lots in Alaska, and authorizing the trial of conflicting claims before the trustee on notice with an appeal to the Commissioner of the General Land Office, and from his decision to the Secretary of the Interior, the decision of the trustee is final, in the absence of fraud, accident, or mistake, with reference to all questions of fact arising in such proceeding, except as the same may be reversed by the Commissioner of the General Land Office or the Secretary of the Interior.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 41, Public Lands, § 98.]

2. SAME—FRAUD—EQUITABLE RELIEF.

In a suit to set aside a deed by an Alaska town site trustee for fraud, the fact that the proceeding in which defendant obtained the legal title to the lot in controversy was ex parte, was not of itself sufficient ground to justify a court of equity in entering on an inquiry as to the truth or falsity of the evidence on which the trustee acted in confirming defendant's claim to the property; but it was incumbent on complainants to allege facts showing that, without negligence on their part, they were prevented by fraud or accident from appearing before the trustee and submitting evidence to establish their right to enter the property.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 41, Public Lands, §§ 341, 342.]

3. SAME—PLEADING.

In a suit to set aside a deed of an Alaska town site trustee for fraud, it was not sufficient to allege generally that complainants did not have knowledge of the hearing before the trustee or an opportunity to prove that the representations made by defendant to the trustee in obtaining the legal title to the property were false, but the bill must also state the particular facts and circumstances which prevented complainants from having notice of the proceeding and an opportunity to protect their rights.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 41, Public Lands, §§ 341, 342.]

Appeal from the District Court of the United States for the District of Alaska.

E. M. Barnes, for appellants.
Malony & Cobb, for appellee.

Before GILBERT and MORROW, Circuit Judges, and DE HAVEN, District Judge.

DE HAVEN, District Judge. This is an equitable action in which the complainants ask for a decree declaring void a certain deed by which the defendant acquired the legal title to lot 4, in block B, in the town of Juneau, Alaska. The bill of complaint also prays for general relief. The deed was executed to defendant by the trustee of the town site of Juneau under section 11 of the act of Congress approved March 3, 1891, entitled "An act to repeal timber-culture laws, and for other purposes." Act March 3, 1891, c. 561, 26 Stat. 1099 [U. S. Comp. St. 1901, p. 1467]. The bill of complaint alleges that a trustee of the town site of Juneau was duly appointed, under the statute above referred to, and "that at all times since 1885, plaintiffs and their grantors have been and now are (the paramount title of the United States alone intervening) the owners of and in the actual and exclusive possession of, until hereinafter named, and at all times since said year 1885, have been, and now are entitled to the immediate and exclusive possession of lot 4, block B, of the town of Juneau, district of Alaska"; that the defendant "on the —— day of May, 1903, falsely and fraudulently, and with intent to impose upon said trustee," represented to him "that he, the defendant, and his grantors, were the owners of and in possession of, and entitled to the possession of, said lot on the 13th day of October, 1893, ever since had been, and then were such owners, and were at all times in the possession of said lot, and at all times entitled to the possession of said lot; that said trustee did, on the —— day of May, 1903, at his office in Juneau, Alaska, actually hear, and determine on said false statements as aforesaid, the said questions of said occupancy and ownership of said lot," and, acting under the belief that such statements were true, executed to the defendant a deed conveying to him the legal title to the lot in controversy. The bill then alleges:

"That plaintiffs nor either of them had any knowledge of said hearing or any opportunity to learn of said hearing or any opportunity to deny said false statements or any part thereof, or to prove said statements or any part thereof false, at any time or place."

The defendant interposed a demurrer to the bill upon the ground that "the same does not state facts sufficient to constitute a cause of action, in this: there are no allegations of fact showing how, or the means whereby, the plaintiffs were prevented from having knowledge of the hearing before the town site trustee, and there litigating the right of possession of the lot sued for, nor is it shown that such want of knowledge, or any want of opportunity to be heard before said town site trustee was induced or caused by the defendant." The District Court sustained the demurrer, and the plaintiffs, having declined to amend, thereupon rendered its judgment dismissing the action. The complainants appeal, and the ruling of the court sustaining the demurrer is assigned as error.

1. Section 11, of the act of March 3, 1891, entitled "An act to repeal timber-culture laws, and for other purposes" (chapter 561, 26 Stat. 1099 [U. S. Comp. St. 1901, p. 1467]), provides:

"That until otherwise ordered by Congress lands in Alaska may be entered for town-site purposes, for the several use and benefit of occupants of such

town sites, by such trustee or trustees as may be named by the Secretary of the Interior for that purpose, such entries to be made under the provisions of section twenty-three hundred and eighty-seven of the Revised Statutes as near as may be; and when such entries shall have been made the Secretary of the Interior shall provide by regulation for the proper execution of the trust in favor of the inhabitants of the town site. * * * "

Acting under the authority conferred by this section, the Secretary of the Interior on June 3, 1891, made certain regulations providing for the entry of town sites and the disposition of lots thereon for the benefit of the occupants thereof. 12 Land Decisions, 583. These regulations provide for the entry of the town sites and the actual survey of the same into lots, blocks, streets, and alleys, and the filing of the plats of the survey in the General Land Office. The plats were required to show what lots were occupied, and the names of the owners, the designation of the owner of any lot not, however to be "taken or held as in any sense or to any degree a conclusion or judgment by the trustee as to the true ownership in any contested case coming before him." Paragraphs 28 and 29 of said regulations further provide:

"28. As soon as said plats are completed, the trustee will then cause to be posted in three conspicuous places in the town, a notice to the effect that such survey and platting have been completed and notifying all persons concerned or interested in such town site that on a designated day he will proceed to set off to the persons entitled to the same, according to their respective interests, the lots, blocks, or grounds to which each occupant thereof shall be entitled under the provisions of said act. Such notices shall be posted at least fifteen days prior to the day set apart by the trustee for making such division and allotment. Proof of such notification shall be evidenced by the affidavit of the trustee, accompanied by a copy of such notice.

"29. After such notice shall have been duly given, the trustee will proceed on the designated day, except in contested cases which shall be disposed of in the manner hereinafter provided, to set apart to the persons entitled to receive the same the lots, blocks and grounds to which such persons, company or association of persons shall be entitled, according to their respective interests," etc.

After providing for the manner in which lots, in relation to which there is no controversy, shall be set apart to the persons entitled thereto, paragraph 31 of the regulations provides that the trustee shall, "where he finds two or more inhabitants claiming the same lot, block, or parcel of land, proceed to hear and determine the controversy, fixing a time and place for the hearing of the respective claims of the interested parties, giving each ten days' notice thereof, and a fair opportunity to present their interests in accordance with the principles of law and equity applicable to the case, observing as far as practicable the rules prescribed for contests before registers and receivers of the local offices. * * * If the notice herein provided cannot be personally served upon the party therein named within three days from its date, such service may be made by a printed notice published for ten days in a newspaper in the town in which the lot to be affected thereby is situated; or, if there is none published in such town, then said notice may be printed in any newspaper published in the territory." The regulations also gave to any party aggrieved by the decision of the trustee the right to appeal to the Commissioner of the General Land Office, and, if dissatisfied with his decision, to still further prosecute

an appeal to the Secretary of the Interior. Under the law and the regulations of the Secretary of the Interior above set forth, persons claiming the right to obtain from the United States the legal title to lots in the town of Juneau were required to make application therefor to the trustee of the town site, and he was clothed with the authority to, investigate and determine the rights of all persons making such applications, and his action thereon has the same legal effect as that of the register and receiver in passing upon a claim of right to enter public land under the homestead or pre-emption laws; that is, in the absence of fraud, accident, or mistake, his decision of all questions of fact arising in such a proceeding was final, except as the same might be reversed upon appeal to the Commissioner of the General Land Office and the Secretary of the Interior. This rule in relation to the effect of the decisions of the officers of the Land Department in disposing of public lands of the United States is well settled. Johnson v. Towsley, 13 Wall. 72, 20 L. Ed. 485; Shepley v. Cowan, 91 U. S. 330, 23 L. Ed. 424; Lee v. Johnson, 116 U. S. 50, 6 Sup. Ct. 249, 29 L. Ed. 570; Sanford v. Sanford, 139 U. S. 642, 11 Sup. Ct. 666, 35 L. Ed. 290; Durango Land & Coal Co. v. Evans, 80 Fed. 425, 25 C. C. A. 523. Thus in Sanford v. Sanford, 139 U. S. 642, 11 Sup. Ct. 666, 35 L. Ed. 290, the court, after stating that a court of equity will not interfere with the rightful exercise of the powers intrusted to the officers of the Land Department in matters properly before them, or review their findings of fact, "for alleged errors in passing upon the weight of evidence presented," proceeded to say:

"But where the matters determined are not properly before the department, or its conclusions have been reached from a misconstruction, by its officers, of the law applicable to the cases before it, and it has thus denied to parties rights which, upon a correct construction, would have been conceded to them, or where misrepresentations and fraud have been practiced, necessarily affecting its judgment, then the courts can, in a proper proceeding, interfere and control its determination so as to secure the just rights of parties injuriously affected. Quinby v. Conlan, 104 U. S. 420, 426, 26 L. Ed. 800; Baldwin v. Starks, 107 U. S. 463, 465, 2 Sup. Ct. 473, 27 L. Ed. 526. In such cases a court of equity only exercises its ordinary jurisdiction to prevent injustice from misconstruction of the laws or the machinations of fraud. * * * And the misrepresentations and fraud mentioned necessarily affecting the judgment of the department must be such as have prevented the unsuccessful party from fully presenting his case or the officers of the government from fully considering it, such as have imposed upon its jurisdiction or turned its attention from the real controversy."

It is true that in the case from which the foregoing quotation is made, and in all of the cases above cited, the controversy was between parties who had actually appeared before the land officers and submitted evidence in support of their respective claims, but these facts do not affect the principle upon which they were decided, or render inapplicable to the cause before us the rule which they declare, namely, that the decision of the officers of the Land Department in the matter of a claim of right to enter public land of the United States, which was regularly and properly before them, cannot be set aside, except upon some one of the grounds upon which courts of equity proceed in adjudging void the judgment or decree of a court. The principle upon which courts of equity proceed in such cases is thus stated by Chief

Justice Marshall, in Marine Ins. Co. v. Hodgson, 7 Cranch, 332, 3 L. Ed. 362:

"Any fact which clearly proves it to be against conscience to execute a judgment, and of which the injured party could not have availed himself at law, but was prevented by fraud or accident, unmixed with any fault or negligence in himself or his agents, will justify an application to a court of chancery."

See, also, Crim v. Handley, 94 U. S. 652, 24 L. Ed. 216; Dunlap v. Steere, 92 Cal. 344, 28 Pac. 563, 16 L. R. A. 361, 27 Am. St. Rep. 143; Railroad Co. v. Neal, 1 Woods, 353, Fed. Cas. No. 11,534; Brooks v. O'Hara (C. C.) 8 Fed. 529.

The fact that the proceeding in which defendant obtained the legal title to the lot in controversy was ex parte is not of itself sufficient ground to justify a court of equity in entering upon an inquiry as to the truth or falsity of the evidence upon which the trustee acted in confirming the defendant's claim to such lot, but under the doctrine of the cases just cited it was incumbent upon the complainants to allege in their bill facts showing that without negligence upon their part they were prevented by fraud or by accident from appearing before the trustee of the town site of Juneau, and there submitting evidence to establish their right to enter the lot now claimed by them. There is no allegation in the bill that the trustee failed to give the notice required by the regulations of the Secretary of the Interior, or, if such notice was given, that the failure of the complainants to be informed thereof and to appear before the trustee with their proofs was the result of fraudulent conduct upon the part of the defendant, or of some accidental cause which would be recognized by a court of equity as sufficient ground upon which to hold that they ought not to be concluded by the action of the trustee in conveying the lot in controversy to defendant. The demurrer directed specific attention to these defects in the bill, and was properly sustained. It is not sufficient to allege generally that the complainants did not have knowledge of the hearing before the trustee, or opportunity to prove that the representations made by the defendant to the trustee in obtaining the legal title to the lot described in the bill were false, but the particular facts and circumstances which prevented them from having notice of the proceeding, and opportunity to protect their rights, should be set out in the bill, so as to enable the court to determine from the facts so alleged whether the complainants show themselves to have been prevented by fraud or accident from appearing before the trustee and establishing their right to acquire title to the lot which is the subject of controversy in this action.

Decree affirmed.