## CLEARWATER COUNTY STATE BANK v. JOHN RICKE.[1]

July 13, 1917.

Nos. 20,369—(171).

**Public land — equitable relief from decision of department.**

    1. The decision of the officers of the land department of the United States, as to matters of fact, is conclusive upon the courts. Where it is clear that these officers have misapplied the law, a court of equity may give appropriate relief.

**Public land — decision of law and fact.**

    2. The question whether the officers of the land department correctly applied the law, must be determined upon the facts there found or established.

**Public land — action to set aside patent — pleading and proof.**

    3. In an action to set aside a patent issued by the land department

1Reported in 163 N. W. 793.

after litigation, it is incumbent on the plaintiff to allege and prove what facts were found or established in that litigation in such manner as to make it plain that the officers of the land department misapplied the law.

Action in the district court for Clearwater county to decree that plaintiff is owner of the premises in question and defendant holds the legal title to them from the United States government in trust for plaintiff. From an order, Stanton, J., overruling his demurrer to the complaint, defendant appealed. Reversed.

*Ole J. Vaule* and *William P. Murphy,* for appellant.

*Marshall A. Spooner* and *A. L. H. Street,* for respondent.

HALLAM, J.

This is an appeal from an order overruling a demurrer to plaintiff's complaint. The complaint alleges these facts: Certain land in controversy was public land of the United States, subject to homestead entry. George S. Fletcher duly entered and filed upon this land under the homestead laws of the United States and resided upon it and improved it, and performed every act required to be done to comply with the homestead laws, and on January 4, 1908, submitted to the local land office, due final proof of full performance of everything necessary to entitle him to a patent. Before the final proof was passed on by the land department of the United States and before any patent was issued, George S. Fletcher died.

On January 4, 1908, the day on which final proof was made, George S. Fletcher gave to plaintiff a mortgage upon said land for $357.12. Some of this money loaned and advanced to him by plaintiff had been used by him in making improvements on the land, and some was to be used in making payment for it and in perfecting final proof. Said mortgage was in due form and was duly executed and recorded.

Fletcher left as his sole heir Robert R. Fletcher, who succeeded to his right to the issuance of a patent. It is then alleged that Louis Wadekemper knew all these facts and after the death of George S. Fletcher conspired with defendant to acquire said land and defeat plaintiff's mortgage, and as part of such plan secured from Robert R. Fletcher, for a nominal consideration, a relinquishment of his rights in said land. There-

upon defendant, having full notice of plaintiff's rights, filed upon said land under the homestead laws of the United States and afterwards made final proof, and after a contest in the land department of the United States a patent was ordered issued, and was issued to defendant, with a provision, however, that defendant satisfy plaintiff's mortgage under penalty of cancelation of his patent. Said mortgage has been foreclosed by sale and the land purchased by plaintiff at the sale and the time for redemption from said sale has long since expired.

Plaintiff asks a decree that it is the owner of the land, that defendant has no title or interest therein, and that defendant hold the legal title in trust for plaintiff. Defendant demurred to the complaint. The trial court overruled the demurrer and defendant appeals.

The theory of the plaintiff is that the complaint shows that defendant procured his patent by means of a fraud on plaintiff, and that the land department in issuing the patent acted under a mistaken conception of the law. The first contention the trial court did not sustain. In this, we think the court was right. We find no sufficient allegation of fraud.

1. The trial court was of the opinion that the complaint shows such an error of law on the part of the land department as will invalidate the decision of the land department and the patent it issued. The court proceeded on the theory that the facts alleged brought the case within the rule laid down in Doran v. Kennedy, 122 Minn. 1, 141 N. W. 851, namely, that the right to a patent became vested in Fletcher upon his making final proof, and that when the right to a patent once becomes vested it is equivalent, so far as the government is concerned, to a patent actually issued.

If this were an original litigation, there would be much strength to this position. But we must bear in mind that the rights of these parties to this land have been litigated and determined in the land department of the United States. This is in reality an action to assail the decision of the land department. There are well settled rules defining the force and effect of such a decision and the grounds upon which it may be set aside by the courts. In the absence of fraud or mistake, the decision of the officers of the land department as to matters of fact, is conclusive upon the courts, when the title afterwards comes in question. As to matters of law the rule is different. Where it is clear that these officers have, by a

mistake of law, given to one man the land which, on undisputed or established facts, belonged to another, a court of equity may give appropriate relief, and "where there is a mixed question of law and of fact, and the court cannot so separate it as to see clearly where the mistake of law is, the decision of the tribunal to which the law confided the matter is conclusive." Marquez v. Frisbie, 101 U. S. 473, 476, 25 L. ed. 800; Sanford v. Sanford, 139 U. S. 642, 647, 11 Sup. Ct. 666, 35 L. ed. 290; Whitcomb v. White, 214 U. S. 15, 29 Sup. Ct. 599, 53 L. ed. 889.

2..What the plaintiff is seeking to do is to establish the facts as to the title in this case, regardless of the decision of the land department, and, upon the facts so established, to determine that the decision of the land department was wrong in law. This the plaintiff cannot do. It cannot litigate these questions of fact again. The land department is a tribunal created by law to determine such questions. Its decision cannot be so set at naught. It was plaintiff's duty to present the facts as to its title when its case was before the land department for decision, and take the decision of that tribunal upon them. In determining whether the land department erred in its construction of the law, this case must be considered upon the facts presented to the land department. If disputed questions of fact were there determined, the court must accept that determination as the basis of decision as to the correctness of its application of the law. We can consider only the question whether the officers of the land department correctly applied the law to the facts determined by it or to the facts that were there established.

3. It is incumbent on the plaintiff to allege as well as prove that the land department erred in the construction of the law applicable to the case. Gonzales v. French, 164 U. S. 338, 342, 17 Sup. Ct. 102, 41 L. ed. 458. There is no such allegation in this case. Nor is it sufficient to state as a conclusion that the land department erred in its application of the law. Facts must be alleged from which the court can see that the land department did misapply the law. The complaint must state what facts were found or established in such manner that the court can separate the department's findings of fact from its conclusions of law; and, unless the findings of fact are disclosed, or enough undisputed facts disclosed to make it plain that error of law was committed, and the complainant thereby deprived of his rights, the complaint is demurrable. Durango

L. & C. Co. v. Evans, 80 Fed. 425, 25 C. C. A. 523 (Eighth Circuit). There was no attempt to comply with these rules in framing this complaint. The complaint fails to state a cause of action and the demurrer should have been sustained.

Order reversed.