## McGRATH et al. v. VALENTINE.

(Circuit Court of Appeals, Ninth Circuit. February 8, 1909.)

### No. 1,610.

1. PUBLIC LANDS (§ 39*)—ALASKA TOWN SITES—ACQUISITION OF TITLE.

Under Act March 3, 1891, c. 561, §§ 11-14, 26 Stat. 1099, 1100 (U. S. Comp. St. 1901, pp. 1467, 1468), relating to town sites in Alaska, the legal title to town lots in Juneau can only be acquired from the town-site trustee, and his decision on all questions of fact is conclusive, in the absence of fraud, unless reversed on appeal to the land department.

[Ed. Note.—For other cases, see Public Lands, Dec. Dig. § 39.*]

2. PLEADING (§ 126*)—ANSWER—GENERAL DENIAL.

Under the system of code pleading a general denial is as broad as the allegations denied, and a general denial of an allegation of value or damages cannot be treated as a negative pregnant and an admission of any value or damages less than the sum alleged.

[Ed. Note.—For other cases, see Pleading, Cent. Dig. §§ 261-263; Dec. Dig. § 126.*]

3. ADVERSE POSSESSION (§ 110*)—PLEADING—SUFFICIENCY OF ANSWER.

An allegation in an answer in an action in ejectment that defendant and his grantors had been for more than 20 years "in the actual, open, notorious, and exclusive possession" of the premises is not sufficient to raise the issue of adverse possession under Carter's Alaska Code, pt. 4, p. 354 (Code Civ. Proc. § 1042), which provides that "the uninterrupted, adverse, notorious possession of real property under color and claim of title for seven years or more shall be conclusively presumed to give title thereto except as against the United States," even with the additional allegation that defendant and his grantors were the actual owners during said time.

[Ed. Note.—For other cases, see Adverse Possession, Cent. Dig. §§ 636-645; Dec. Dig. § 110.*]

4. PUBLIC LANDS (§ 39*)—ALASKA TOWN SITES—POSSESSORY RIGHTS.

Act May 17, 1884, c. 53, § 8, 23 Stat. 26, provided that Indians or other persons in Alaska "shall not be disturbed in the possession of any lands actually in their use or occupation or now claimed by them, but the terms under which such persons may acquire title to such lands are reserved for future legislation by Congress." *Held* that, as to land within the town site of Juneau, such terms were prescribed by Act March 3, 1891, c. 561, §§ 11-14, 26 Stat. 1099, 1100 (U. S. Comp. St. 1901, pp. 1467, 1468), under which such town site was located, and which provided the manner in which occupants could obtain title and for the determination of possessory rights by the trustee.

[Ed. Note.—For other cases, see Public Lands, Dec. Dig. § 39.*]

5. PLEADING (§ 345*)—MOTION FOR JUDGMENT ON PLEADINGS—EFFECT OF GENERAL DENIAL IN ANSWER.

In an action of ejectment, where the answer not only denied the title of plaintiff, but as to certain of the property alleged title in defendant, it was error to render judgment for plaintiff on the pleadings.

[Ed. Note.—For other cases, see Pleading, Cent. Dig. §§ 1055-1059; Dec. Dig. § 345.*]

In Error to the District Court of the United States for the First Division of the District of Alaska.

The defendant in error brought ejectment against the plaintiffs in error to recover the possession of portions of lots 1, 2, and 3 in block 3, in the town of Juneau, Alaska, of which he claimed to be the owner, and from the pos-

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

session of which he alleged he had been ousted by the plaintiffs in error, and to. recover the rental value thereof, which he alleged to be $1,152. The plaintiff in error McGrath answered, denying that the defendant in error was the owner of the premises sued for, "except as hereinafter stated." He made general denial of the allegation of the rental value, denying "each and every allegation therein contained." He then alleged as an affirmative defense, in susbtance, the following: That the town of Juneau was entered as a town site pursuant to the act of Congress of March 3, 1891, c. 561, 26 Stat. 1095 (U. S. Comp. St. 1901, p. 1535), and on September 4, 1897, a patent was issued to the town-site trustee; that in the year 1882 one Peter Erussand entered upon and took possession of a certain described parcel of land, in which was included all the land sued for; that the same was then the open, unoccupied, public domain of the United States; that on December 9, 1899, said McGrath, by mesne conveyances, acquired all the right of said Erussand, and since said date has been in the actual occupation and exclusive possession of said premises, and that all of said premises have been in the actual, open, notorious, and exclusive possession of the said plaintiff in error and his grantors since the year 1882; that on July 20, 1898, the defendant in error falsely and fraudulently, and with intent to impose on the trustee of the town site of Juneau, represented to him that he, the said defendant in error, and his grantors, were the owners of and in the possession of and entitled to the possession of said lots 1, 2, and 3 in block 3; that said trustee on July 20, 1898, did actually hear and determine, on said false and fraudulent statements as aforesaid, said question of occupancy and ownership of said lots, and, acting under the belief that said representations were true, executed to the defendant in error a trustee's deed conveying to him the said lots 1 and 3 in block 3; that the said McGrath never had any knowledge of said hearing, and no opportunity to deny said false statements or to prove that they were false at any time or place; that he was absent from Juneau at the time of the posting of the notices of hearing by the trustee, and remained absent, and had no knowledge that such notices had been posted, or that the trustee had intended to proceed to set aside and convey the lots within the exterior boundaries of the town site of Juneau to the occupants thereof, and he never knew of the application of said defendant in error for a trustee's deed, until after the lots had been conveyed to him; that the defendant in error well knew when he made such application that said McGrath was the owner of all the premises so located by Peter Erussand in 1882, and that the same had been occupied and possessed and owned by said McGrath and his grantors from 1882, and he well knew that the said McGrath was the owner of and in possession of and entitled to the possession of all the said premises so located by Peter Erussand, and well knew that the representations which he made to said trustee, upon which the said trustee acted, were false and fraudulent; that said conveyance of said trustee to said defendant in error is void for the reason that said McGrath had no notice of the hearing of said application; that the said trustee was without power to convey or deed said land to the defendant in error; that, before the said trustee had acted upon the defendant in error's application for lot 2 in block 3, said McGrath entered a protest against the issuance of any trust deed for said lot to defendant in error, and applied for a trustee's deed conveying a portion of said lot to himself, and on December 9, 1898, a hearing was begun before said trustee to determine the respective rights of the respective claimants thereto in said lot 2, block 3, which hearing was completed on March 17, 1899; that, after hearing all the testimony, said trustee on March 28, 1899, made and entered a decision in which he awarded to the said McGrath a certain described portion of said lot; that on appeal that ruling was confirmed by the Commissioner of the General Land Office and the Secretary of the Interior, and the said trustee thereupon conveyed said portion of said lot to said McGrath.

Upon this state of the pleadings the defendant in error moved for judgment thereon on the grounds: First, that his ownership under the patent to the town-site trustee was admitted by the answer; second, that the answer admitted the rental value to be any sum less than the amount alleged; third, that the affirmative matter so alleged in the answer constituted no defense.

On the hearing there was no application to amend or to answer further. The court allowed the motion, and rendered a judgment on the pleadings, adjudging the defendant in error to be the owner of and entitled to the possession of said land so described in the complaint.

Shackleford & Lyons and R. F. Lewis, for plaintiffs in error.

Malony & Cobb, for defendant in error.

Before GILBERT, ROSS, and MORROW, Circuit Judges.

GILBERT, Circuit Judge (after stating the facts as above). We find no error in the ruling of the court that the affirmative matter pleaded in the answer constituted no defense to the action as to the tracts in lots 1 and 3, particularly described in the complaint. In Miller v. Margerie, 149 Fed. 694, 79 C. C. A. 382, in a similar case, this court held that, under the law and the regulations of the Secretary of the Interior, persons claiming the right to obtain legal title to lots in the town of Juneau were required to make application therefor to the trustee of the town site, that the trustee was clothed with authority to investigate and determine the rights of all persons making such applications, and that his action thereon has the same legal effect as that of the register and receiver in passing upon a claim of right to enter public land under the homestead or pre-emption laws. Said the court:

"In the absence of fraud, accident, or mistake, his decision of all questions of fact arising in such a proceeding was final, except as the same might be reversed upon appeal to the Commissioner of the General Land Office and the Secretary of the Interior. This rule in relation to the effect of the decisions of the officers of the Land Department in disposing of public lands of the United States is well settled."

In that case the bill alleged that the plaintiffs had no knowledge of the hearing, or any opportunity to learn thereof, or any opportunity to deny the false statements or any part thereof, or to prove the statements or any part thereof false, at any time or place. A demurrer had been interposed to the bill on the ground that the same failed to state facts sufficient to constitute a cause of action, in that there were no allegations of fact showing how, or the means whereby the plaintiffs were prevented from having knowledge of the hearing before the town-site trustee, and there litigating the right of possession of the lot sued for, nor was it shown that such want of knowledge or any want of opportunity to be heard before said town-site trustee was induced or caused by the defendant. The court held that it was incumbent on the plaintiffs to allege facts showing that without negligence on their part they were prevented from appearing before the trustee and submitting evidence to establish their right to enter the property.

It is contended that under the denials of the answer the court, on the motion for judgment on the pleadings, could not lawfully enter judgment against the plaintiffs in error for the rental value of the premises. The judgment was rendered for $1,128, a sum less than that which was demanded in the complaint. The answer contained a general denial of the paragraph in which the rental value was alleged. The trial court regarded this denial as an admission of any sum less than the sum alleged. In other words, he treated it as a negative preg-

nant. The earlier decisions in some of the states where the code system of pleading prevails have held a general denial of an allegation of value to be an admission of the value alleged, or, at least, of any value less than the value so alleged. Patterson v. Ely, 19 Cal. 28; Lynd v. Picket, 7 Minn. 184 (Gil. 128), 82 Am. Dec. 79; Moulton v. Thompson, 26 Minn. 120, 1 N. W. 836. But we think the better doctrine is expressed in 1 Encl. of Pleading & Practice, 796, where it is said:

"A negative pregnant can only arise by the interposing of a special denial. A general denial puts in issue every allegation in the pleading to which it is a denial. It can never be construed as a negative pregnant."

In German American Bank v. White, 38 Minn. 471, 38 N. W. 361, the former decisions of that state were overruled, and it was held that, where an action is brought to recover liquidated damages, the allegation of their amount is not traversable, and that a general denial puts in issue every allegation of the pleading which it denies, and can never be construed as a negative pregnant. That was held in a case in which the plaintiff sued for rents and profits of lands during the time they had been wrongfully withheld from him. In rejecting the doctrine of its former decisions, the court said:

"It is unsound in principle. A negative pregnant is a negative that implies an affirmative, and from its very nature such a negative can never be found in a general denial, which is a denial in gross of all the allegations of the pleading to which it is interposed. A general denial has as wide a scope as the allegations of the pleading which it denies, and puts in issue every fact alleged in it. Bliss, Code Pleading, § 332; 2 Wait's Pr. 419. 420, and cases cited. * * * In every other state, so far as we can ascertain, in which the code system of pleading prevails, a general denial is held a good traverse of every allegation of the pleading to which it is interposed."

The plaintiffs in error contend that they were entitled to an opportunity to prove the allegations in the answer that McGrath and his grantors had been in the actual, open, notorious, and exclusive possession of the land in controversy continuously since 1882; citing Code Civ. Proc. pt. 4, § 1042 (Carter's Code, p. 354), as follows:

"The uninterrupted, adverse, notorious possession of real property under color and claim of title for seven years or more, shall be conclusively presumed to give title thereto except as against the United States."

But the answer failed to allege that the possession so relied upon was adverse or under claim of title. It went no further than to say that the possession was actual, open, notorious, and exclusive, and that McGrath and his grantors had been the actual owners of said premises during all of said time. Such allegations fall short of showing the adverse possession which is made a defense by the Code. Tyee Con. Min. Co. v. Langstedt, 121 Fed. 709, 58 C. C. A. 129. While we are disposed to construe liberally the allegations and denials of the answer, and, indeed, such is the command of the Alaskan Code, we are not at liberty to disregard vital defects of pleading, especially in view of the fact that there was opportunity to amend in the court below when the defects were pointed out, as they must have been on the motion for judgment on the pleadings. We must assume that the allegations of the answer were relied upon, in the form in which they were framed, as containing the pleader's expression of all grounds of

defense. It is to be observed, also, that the plaintiffs in error, in objecting to the judgment on the pleadings, made no objection on the ground that they had alleged adverse possession or were denied the opportunity to prove it.

It is contended that the plaintiff in error McGrath was entitled to the protection of his possession of the whole tract deeded to him by Erussand under the provisions of Act Cong. May 17, 1884, c. 53, § 8, 23 Stat. 26, which provides that Indians or other persons in the District of Alaska—

"shall not be disturbed in the possession of any lands actually in their use or occupation or now claimed by them, but the terms under which such persons may acquire title to such lands are reserved for future legislation by Congress."

In answer to this, it is sufficient to say that the terms under which any one in the possession of land included within the town site of Juneau might thereafter acquire title thereto were expressed in the act of Congress of March 3, 1891, above referred to, under which the land was patented to the town-site trustee in trust for the occupants thereof.

The answer denied the title of the defendant in error except as thereinafter stated, and it not only admitted no title in him, to any portion of lot 2, but it expressly alleged title in McGrath as to a certain described portion thereof, in which is included the land in that lot which by the judgment was awarded to the defendant in error. This was a distinct issue, as to which the plaintiffs in error were entitled to a trial by jury, and as to which it was error to enter a judgment for the defendant in error on the pleadings.

For the errors pointed out, the judgment must be reversed, and the cause remanded to the court below for trial.