VALENTINE v. HYNES, Public Adm'r, et al.

(Circuit Court of Appeals, Ninth Circuit.  October 7, 1912.)

No. 2,016.

ADJOINING LANDOWNERS (§ 9*)—ENCROACHMENTS—RIGHT OF RECOVERY—DEFENSES.

A defendant in an action of ejectment, who has encroached upon the land of another with a building, under circumstances which create no estoppel against the owner, cannot compel such owner to convey the title to the ground so appropriated to him on payment of its value.

[Ed. Note.—For other cases, see Adjoining Landowners, Cent. Dig. §§ 67–73;  Dec. Dig. § 9.*]

In Error to the District Court of the United States for Division No. 1 of the District of Alaska.

Action at law by Emery Valentine against M. J. Hynes, Public Administrator of the City and County of San Francisco, as administrator of the estate of J. J. McGrath, deceased, and S. Hirsch.  Judgment for defendants, and plaintiff brings error.  Modified.

See, also, 167 Fed. 473, 93 C. C. A. 109.

J. H. Cobb, of Juneau, Alaska, for plaintiff in error.

R. F. Lewis, of San Francisco, Cal., for defendants in error.

Before GILBERT and ROSS, Circuit Judges, and WOLVERTON, District Judge.

ROSS, Circuit Judge.  The plaintiff in error brought this action in the court below against one J. J. McGrath and his tenant, Hirsch, to recover the possession of certain lots of land, and damages for their detention, stating in his complaint three causes of action—the first relating to lot 1 of block 3 in the town of Juneau, Alaska; the second relating to lots 2 and 3 of the same block; and the third to a specifically described portion of lot 1 of block G in the same town. McGrath answered the complaint, putting in issue its allegations, and also setting up an affirmative defense, in which, among other things, he alleged the patenting by the government of the town site of Juneau on September 4, 1897, and that, long before the entry of the town site under the act of Congress providing therefor, his grantor took possession of certain lands, including the lots sued for by the plaintiff, and was in the actual and exclusive possession thereof at the time the town site was entered; that the trustee of the town site gave notice, pursuant to the regulations of the Secretary of the Interior, that he would, on November 15, 1897, set apart lots and parcels of land in the town site to the occupants thereof, and that thereafter, and on the 20th of July, 1898, the plaintiff falsely and fraudulently represented to the trustee that he and his grantors were the owners and entitled to the possession of the land described in his complaint, and that the trustee on that date did "actually hear and determine, on said false and fraudulent statements, the said questions of said occupancy and ownership of said lots, and, acting under the

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

belief that said statements were true, executed to the plaintiff a trustee's deed" conveying to him lots 1 and 3 in block 3, and that portion of lot 1 in block G described in the complaint; that upon a contest between the plaintiff and McGrath before the trustee concerning lot 2 in block 3, the trustee made a decision on the 28th of March, 1899, awarding McGrath a portion of that lot, and that upon the plaintiff's appeal therefrom the trustee's opinion was affirmed by the Commissioner of the General Land Office, and also by the Secretary of the Interior, and that the trustee accordingly deeded the same to the defendant McGrath.

The plaintiff moved the court to dismiss the action as respects that portion of lot 1 of block G claimed by him, which was done, and moved for judgment on the pleadings in respect to the other lots sued for, which motion was also granted, and judgment given accordingly, which judgment was reversed by this court for the reasons stated in its opinion reported in 167 Fed. 473, 93 C. C. A. 109. The retrial was to the court, which made findings of fact and entered judgment thereon, from which the present appeal was taken.

As respects the portion of lot 1 of block G constituting the third cause of action contained in the original complaint, it is sufficient to say that the action of the plaintiff and of the trial court referred to eliminated that particular piece of property from the suit, and therefore there is nothing in the first assignment of the plaintiff in error, which is as follows:

"The court erred in not awarding to the plaintiff, Emery Valentine, that portion of lot No. 1 in block G of the town of Juneau, described in the third cause of action in the complaint, and in the second amended answer of the defendant McGrath."

The second assignment of error is this:

"The court erred in not awarding to the plaintiff, Emery Valentine, that portion of lot No. 1 in block No. 3 of the town of Juneau, described in the first cause of action in the complaint, and further erred in awarding the same to the defendant McGrath, conditioned upon his paying any judgment that might be recovered against him for the value of said premises, together with damages for withholding the same, in any suit that said Emery Valentine might bring within 60 days against the said McGrath."

The portion of lot 1 of block 3 referred to in this assignment is a small wedge-shaped piece of ground 3 feet 6 inches by 3 feet 6 inches by 1½ feet in dimension, concerning which McGrath alleged in his cross-complaint that he purchased it in December, 1889, and was in the actual possession thereof at the time of the entry of the town site by the trustee, and was then its sole owner and occupant; that, nevertheless, on the 3d of December, 1897, while he was in such possession, and after he had made valuable and permanent improvements thereon, the plaintiff falsely and fraudulently, with intent to deceive and mislead the trustee into believing that the plaintiff was and had been, prior to and at the time of the entry of said town site, the actual occupant of that piece of ground and was entitled to a deed therefor, and with the intent of defrauding McGrath, and depriving him of his property, represented that he, the plaintiff, was at the time of such entry the actual occupant and owner of the premises, and by reason

of such representation the trustee did, on July 13, 1898, deed all of lot 1, block 3, to the plaintiff; that he, McGrath, had no notice or knowledge of the plaintiff's application, or of the fact that a deed had been issued to him, for a long time thereafter; that no time was ever fixed by the Secretary of the Interior, or any other officer, within which parties were required to file their applications for deeds with the trustee, and that no such notice had been given by the latter, and that the deed referred to is void and constitutes a cloud upon Mc-Grath's alleged title.

The trial court found, among other things, as follows:

"(8) The failure of the defendant McGrath to file a contest over the application of the plaintiff for deeds to lots 1 and 3 in block 3 was due to no act or omission on part of the plaintiff, but appears to have been due solely to the negligence of the defendant McGrath.

"(9) The contest between McGrath and the plaintiff Valentine, over lot 2 in block 3 was fairly and fully heard, and there is no evidence of a mistake on part of the trustee in the conclusions arrived at.

"(10) The court further finds that there is a two-story building, costing about four thousand dollars ($4,000.00), standing upon the defendant's ground, and which encroaches upon and covers that portion of lot 1 in block 1 in controversy herein; that at the time of the erection of the building no notice was given by the owner of this small encroachment, but the building was permitted to be completed without objection. Under these circumstances the court finds it inequitable to award this ground to the plaintiff, and allow him to chop a hole in the side of a valuable building, and materially damage and disfigure it; but plaintiff is entitled to recover the value of this piece of ground, and upon the payment of such value by the defendant he is entitled to an injunction against plaintiff, or a conveyance."

In respect to the small wedge-shaped piece of ground referred to in the finding last quoted, the court, in its opinion, said:

"It appears by the evidence that at the time the defendant erected the two-story frame building upon his land, which is proven to have cost upwards of $4,000, the foundation was laid to include this corner of land, and the matter was called to the attention of the agents of the owner, and the question then considered of notifying the defendant and preventing his building the same so far to the westward as to include this ground; but no such steps were taken, and plaintiff's predecessor in interest permitted the building to be completed without so doing. Under these circumstances, it appears inequitable to award this ground to the plaintiff, and allow him to chop a hole in the side of a valuable building, and very materially damage and disfigure it. In fact, it would not appear to be any abuse of discretion to ignore the encroachment upon this small fraction of ground under the maxim 'de minimis non curat lex.'

"The order of the court will be that the plaintiff will be enjoined from entering into the possession of this ground or recovering the same from the defendant, but will be allowed 60 days within which to institute a suit for the recovery of its value and damages, if any, to the remainder of the tract, which issue may be framed in this suit, and jurisdiction retained for that purpose, or an independent suit, as plaintiff shall upon consideration deem advisable, such injunction to remain in effect until 60 days after execution upon any money judgment obtained in such suit shall be returned unsatisfied, and until the further order of this court."

We are unable to see any ground upon which the decision of the court in respect to this piece of land can be sustained. There was no plea of estoppel of any character interposed in the case, nor does

it appear that either the plaintiff or his predecessors in interest in any way misled the defendant McGrath in regard to the extent of their claim, or that he was in fact misled in any respect. On the contrary, his own pleadings show that he contested with the plaintiff his alleged right to it, before the town trustee and before the Land Department of the government, and that the plaintiff was there successful. Becoming the owner under the conveyance from the government, the plaintiff was entitled to recover the possession of the property from McGrath. We know of no principle upon which the latter can compel the owner to convey the title to him upon paying the former the value of the property. We therefore hold that the judgment of the court below in respect to the wedge-shaped piece of ground referred to is erroneous.

The third assignment of error relates to the action of the court in allowing the plaintiff nominal damages only, and the fourth to the matter of costs. The proof in respect to the value of the land in controversy, either for rental or for other purposes, was not such as to enable us to say the court erred in its findings in the matter of damages; and, as to the question of costs, the fact that the cross-complaint of the defendant McGrath, which was answered and contested by the plaintiff, brought the case within the equity jurisdiction of the court, made the matter of costs within the sound discretion of the court, no abuse of which appears.

The cause is remanded to the court below, with directions to modify the judgment, so as to award the plaintiff recovery of the wedge-shaped piece of land referred to, and, as so modified, the judgment will stand affirmed—each party to pay his own costs on this appeal.