Argued April 14, affirmed May 18, costs taxed June 22, 1926.

## JULIUS REICHLE, ADMINISTRATOR, *v.* WILLAMETTE TRIBE No. 6.

### (246 Pac. 214.)

**Work and Labor—Proof That Work was Performed, Material Furnished and Articles Constructed Therefrom Delivered to and Accepted by Defendant Lodge, Established Prima Facie Case, in Action for Value Thereof, Without Proof of Specific Written Request Constituting Part of Defendant's Records.**

1. In action for value of labor and material furnished by plaintiff's intestate in construction of certain articles for defendant lodge, proof that work was performed and material furnished, and that articles constructed therefrom were delivered to and accepted by defendant and were part of its lodge property established *prima facie* case, without proof of specific written request constituting part of lodge records.

**Work and Labor—Burden was on Defendant, in Action for Value of Labor and Material Furnished in Construction of Articles for Defendant, to Prove Understanding That Articles were Furnished as Gift or That Plaintiff's Intestate was to Receive No Compensation Therefor.**

2. In action for value of labor and material furnished by plaintiff's intestate in construction of articles for defendant, burden was on latter to prove understanding that articles were to be furnished as gift or that intestate was to receive no compensation therefor.

Trial, 38 Cyc., p. 1557, n. 21, p. 1578, n. 37.
Work and Labor, 40 Cyc., p. 2809, n. 13, p. 2846, n. 89, p. 2849, n. 24, p. 2858, n. 96.

From Multnomah: GEORGE ROSSMAN, Judge.

Department 1.

AFFIRMED.   COSTS TAXED.

For appellant there was a brief and oral argument by *Mr. W. L. Cooper.*

For respondent there was a brief over the name of *Mr. Tyson Kinsell* and *Mr. Wilber Henderson,* with an oral argument by *Mr. Henderson.*

PER CURIAM.—This is an action to recover the reasonable value of labor and material furnished by plaintiff's intestate in the construction of certain articles for the use of defendant. The answer admits the performance of the work, the furnishing of the material, and the delivery of these articles to defendant, but alleges that there was no agreement or understanding to pay for a part thereof, and that the remainder of the articles were furnished to defendant as a gift. The case is here on an appeal by defendant from a judgment on the verdict in favor of the plaintiff.

1, 2. Defendant's principal contention arises from the overruling of its motions for a nonsuit, and for a directed verdict. Its contends that to entitle plaintiff to recover, it was not sufficient to establish that the work was done and the material furnished, and that the articles for which the labor and material were furnished were delivered to and accepted by defendant, but that it was incumbent upon plaintiff to prove a specific request, and that this request was in writing, and was a part of the lodge records of the defendant. Proof that the work was performed and the material furnished, and that the articles constructed therefrom were delivered to defendant and were accepted by it and are now a part of its lodge property, was sufficient to establish a *prima facie* case. If there was any understanding that these articles were to be furnished as a gift, or that plaintiff's intestate was not to receive any compensation therefor, it was incumbent upon the defendant to prove that fact. The testimony offered by plaintiff, established a *prima facie* liability upon the part of the defendant, and since there was evidence tend-

ing to establish this *prima facie* liability, it was not error for the court to overrule these motions.

There are thirty-three assignments of error, and excepting said motions, these all relate to rulings made at the trial upon the admission of testimony. There is no reference anywhere by which these rulings may be found, except upon a study of the entire transcript of the testimony. It is very doubtful if this entire transcript, with its attached certificates, constitutes a bill of exceptions, even under the loose system which prevails among some, of certifying to this court the entire transcript of the testimony, not as an exhibit to the bill of exceptions, but as the bill of exceptions itself.

Notwithstanding this, we have carefully read the entire transcript, and have examined each and every ruling complained of, and finding no error in the record, the judgment is affirmed.

AFFIRMED.   COSTS TAXED.