HANSEN v. JEFFERSON et al.
No. A–3687.

District Court of Alaska. Third Division. Anchorage.
March 5, 1945.

Edward L. Arnell, of Anchorage, Alaska, for plaintiff.
Will Key Jefferson, of Anchorage, Alaska, in pro. per.

DIMOND, District Judge.

Plaintiff brought action against defendants for cancellation of lease of rooms in an apartment building and for refund to her of the sum of $420 paid as advance rentals. Copies of the relevant portions of the complaint, and of the lease, follow:

"II.

"That on the 30th day of October, 1944, the plaintiff entered into a certain indenture of lease, a copy of which is hereto attached marked, 'Exhibit A' and by reference incorporated herein, with the Deeleventh Apartments as lessor by and through Will Key Jefferson, whereby the plaintiff agreed to lease and the Deeleventh Apartments, through its operator, Will Key Jefferson, agreed to lease a certain apartment located in the Third Division, Territory of Alaska, and more particularly described as follows:

" 'One two-room furnished apartment numbered and designated as Apartment 9, Deeleventh Apartments, Anchorage, Alaska.'

"III.

"That the term of said lease was to commence on the date said apartment was made available for tenancy by the plaintiff, the date of commencement of such tenancy being on or about December 1, 1944, and was to continue for a period of one year from the date of tenancy and possession.

"IV.

"That the plaintiff, as rent for said apartment, agreed to pay the sum of $840 annually; that the plaintiff, in accordance with the provisions of said lease, paid to the defendants the sum of $420, the receipt of which was acknowl-

edged by the defendants, upon the signing of the lease hereinbefore referred to.

"V.

"That said apartment was not available on December 1, 1944, and has not been made available to the plaintiff at any time since said date; that the delay has caused the plaintiff inconvenience and loss of time; that the defendant has agreed to cancel said lease and refund to the plaintiff her advance payment of rent made as hereinbefore alleged, but notwithstanding said agreement to cancel, the defendant has neglected and failed to tender to the plaintiff a cash refund of the advance rental paid by her."

"Lease

"This Indenture, made this 30th Day of October, between the Deeleventh Apartments, as lessor, and Ethel Bellinger Hansen, as Lessee, Witnesseth, that the said Lessor does by these presents lease and demise to the said Lessee, and the said Lessee does hereby hire and take from the said Lessor that certain premises located in the Third Division, Territory of Alaska, described as follows, to-wit:

"One two-room furnished apartment, numbered and designated as apartment '9', Deeleventh Apartments, Anchorage, Alaska, for the term of one year from the date on which said apartment shall become available for tenancy, approximately December first, 1944, for the sum as rent of eight hundred and forty dollars annually, payable in lawful money of the United States of America, In Advance, and in the following manner, to-wit: Four Hundred Twenty Dollars upon the signing of this lease, receipt of which is hereby acknowledged, and the further sum of Seventy dollars monthly on or about the first day of the months of May, June, July, August, September, October, 1945.

"It is understood and agreed by the Lessee that no animal pets will be permitted tenants, and that persons with children will not be barred the right of tenancy for that reason.

"It is agreed by Lessee that loud and boisterous conduct, creating unusual noise will not be tolerated, and that parties are not to be carried on to an unreasonable hour.

"It shall be the privilege of the Lessee to transfer this lease to a third party, Provided only that said third party shall be satisfactory to Lessor and that any damage which shall have occurred to the premises shall be acknowledged and paid to Lessor previous to said transfer.

"And it is hereby agreed that if any rent shall be due and unpaid, or if default be made in any manner concerning the covenants herein contained or breach thereof, then it shall be lawful for the Lessor to re-enter the premises and remove all goods therefrom; and the said Lessee does hereby covenant promise and agree to pay the said lessor the said rent in the manner specified and not to let or under-let the whole or any part of the said premises without the written consent of the lessor, nor assign this lease or any part thereof without said written consent; nor shall the interest of the Lessee be transferred by operation of law through any execution sale or bankruptcy proceeding; and at the expiration of said term the said Lessee will quit and surrender the said premises in as good state as the reasonable wear and tear of ordinary usage will permit.

"In Witness Whereof we, the said parties, have hereunto set our hands and seals the year and day first above written.

"Deeleventh Apartments
"(signed)　　By Will Key Jefferson
"　　　　　　Ethel Bellinger Hansen
"Signed, Sealed and Delivered
In the Presence of:
"Mrs. E. L. Smagge
——————"

To the complaint the defendant Jefferson filed the following unverified answer:

504

"I.

"As to paragraphs one, two and three defendant believes the allegations made therein to be correct;

"II.

"As to paragraph four defendant denies that plaintiff paid to him the sum of $420.00 as rental on said apartment nine, or on any apartment in the Deeleventh Apartment Building;

"III.

"As to paragraph five defendant admits that said apartment mentioned in said lease was not ready for occupancy on December 1, 1944. Defendant alleges that said apartment was not made available to plaintiff subsequently and since said date of December 1, 1944 only because of acts of plaintiff which made tender of said apartment to plaintiff impossible. Defendant admits that he agreed to cancellation of said lease, but denies that he has ever refused, neglected or failed to tender to plaintiff repayment of advance rental paid by her;

"IV.

"As to paragraph six defendant denies that plaintiff will suffer irreparable loss or damage; and defendant alleges that proffer has been made to plaintiff by defendant, and said offer has been refused by plaintiff, of each and every thing to which she is entitled at either equity or at law;

"V.

"As to paragraph seven defendant denies the allegation that there is no plain speedy and adequate remedy at law; defendant contends that questions of fact arise herein which can only be decided in an action at law and that therefore there exists in this court no jurisdiction in equity to consider any of the matters alleged by plaintiff."

On February 13, 1945 plaintiff filed herein motion for judgment on the pleadings, and on March 1, 1945 the defendant filed motion for leave to amend his answer as follows:

"Comes now Will Key Jefferson, Defendant named herein, and moves this honorable Court to grant him leave to amend his Answer and Denial, on file herein, said contemplated amended Answer and Denial being necessary to properly set up an additional and affirmative defense showing:

"1. That defendant has previously offered plaintiff the cancellation of lease prayed in her complaint;

"2. That defendant has previously offered to plaintiff the return of the money prayed in her complaint;

"3. That defendant did make available to plaintiff that certain apartment to which she was and is entitled under the agreement to lease set forth in her complaint.

"Counsel for plaintiff was given notice one day previous of the intent of defendant to present this motion."

It appears without contradiction that the lease was entered into as stated in the complaint and that the parties thereafter agreed to a cancellation of the lease but that the defendant has failed to refund to plaintiff the advance rentals which she paid on execution of the lease.

In the second paragraph of his answer "defendant denies that plaintiff paid to him the sum of *$420* as rental on said Apartment 9, or on any apartment at the Deeleventh Apartment Building" (italics supplied). This pleading is clearly a negative pregnant. Defendant fails to state what amount was actually paid by plaintiff to defendant as such rental. Standing by itself, the pleading may be considered as an acknowledgment by the defendant of the payment to him by plaintiff of any sum as rentals less than $420, for example, of $419.99, and hence makes no issue. It is not a general denial which would be sufficient under the authority of McGrath v. Valentine, 9 Cir., 167 F. 473, 3 Alaska Fed. 285.

The rule as to such insufficient pleading has been aptly stated in the following cases: McIntosh Livestock Co. v. Buffington, 1923, 118 Or. 358, 217 P. 635; Janeway &

Carpender v. Long Beach Paper & Paint Co., 1922, 190 Cal. 150, 211 P. 6, 7.

From the opinion in the latter case the following is quoted:

"As to the first count, the only denial of nonpayment is in these words:

" 'Denies that the said sum of $6,190.88 has not been paid.'

"This is an admission that the sum of $6,190.87 is unpaid, and as the law disregards trifles it is not sufficient to raise an issue."

No doubt is possible on the issue because in the lease itself the defendant acknowledges the payment to him of rentals by plaintiff as follows: "rent of $840 annually, payable in lawful money of the United States of America, in advance, and in the following manner, towit: *$420 upon the signing of this lease, receipt of which is hereby acknowledged,* and the further sum of $70 monthly on or about the 1st day of the month of May, June, July, August, September, October 1945". (Italics supplied.)

And, even if the foregoing were insufficient to show that there is no real issue as to the payment of the rental by the plaintiff and the failure or refusal of defendant to refund the amount so advanced upon cancellation of the lease, the defendant, in his motion for leave to amend, asks that he be permitted to—"properly set up an additional and affirmative defense showing:

"1.   That defendant has previously offered plaintiff the cancellation of the lease prayed in her complaint;

"2.   That defendant has previously offered the plaintiff the return of the money prayed in her complaint."

The only money "prayed in the complaint" is the sum of $420 which plaintiff avers and which the defendant in his lease has admitted was paid by plaintiff to defendant as advance rental for the apartment lease.   Moreover, in paragraph III of his answer, the defendant "denies that he has

ever refused, neglected or failed to tender to plaintiff repayment of advance rental paid by her". The only advance rental to which the defendant can thus possibly refer is the sum of $420 specified in the complaint and acknowledged in the lease which the defendant signed.

Therefore, upon the face of the pleadings themselves and despite the limited, restricted and self-confessing denial contained in paragraph II of the defendant's answer, it appears that there is no real defense to the plaintiff's cause of action, because even if the defendant were permitted to amend his answer as prayed for in his motion, such an amended answer as outlined in the motion would necessarily admit the material allegations of the plaintiff's complaint: (1) the execution of the lease is admitted; (2) the defendant's failure to make the rented apartment available as specified in the lease is admitted; (3) the cancellation of the lease by mutual agreement is admitted; (4) the payment of the advance rental is admitted specifically in the lease and, under familiar rules of pleading in an amount one cent less than claimed by the answer itself. And now the defendant asks leave to amend his answer so that he can plead, among other things, "that defendant has previously offered to plaintiff the return of the money prayed in her complaint".

The only money "prayed" in the complaint is the $420 advance rentals, and so the defendant now asks leave to more fully plead that he has offered to pay it.

Ordinarily a motion for leave to amend a pleading is granted almost as a matter of course. Our Code provides for utmost liberality in allowing such amendments. Even the practice in admiralty is little, if any, more beneficient. But before allowing an amendment there should be some indication that the amended pleading will state a cause of action or a defense. To permit the amendment of a pleading when it is indicated that the amended pleading will not embrace anything material to the issue would be fruitless. In this case the defendant in his

motion for leave to amend very properly outlines what he intends to plead in such amended answer, and it clearly appears that even if he is permitted to amend his answer and to plead the matters forecast in the motion, the amended answer will state no defense to the plaintiff's cause of action, but only further admissions of the material averments of the complaint. Under the circumstances further delay to permit the defendant to plead further admissions of the material allegations of the plaintiff's cause of action as set out in her complaint would be inequitable and little better than frivolous.

The motion for leave to amend is denied, and the motion for judgment on the pleadings is granted. Counsel for plaintiff may prepare and, upon notice to defendant, submit forms of findings and judgment for consideration.